## Griffith Brothers v. Lewis G. Hall.

1. JOINT LIABILITY—*Not Shown by the Evidence*—Under the facts
of this case, as shown by the evidence, the appellees have no right of
action against appellant, and the judgment must be reversed.

Assumpsit, on the common counts. Appeal from the County Court
of Peoria County; the Hon. ROBERT H. LOVETT, Judge, presiding.
Heard in this court at the December term, 1896. Reversed without
remanding. Opinion filed June 26, 1897.

IRWIN & SLEMMONS, attorneys for appellant.

ELMER J. SLOUGH and ALBERT B. MARSTON, attorneys for appellees; H. C. FULLER, of counsel.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellees, a firm engaged in wholesaling millinery goods at Indianapolis, Ind., to recover a balance of $105.84 from Lewis G. Hall and Sarah T. Hall, his wife.

A default was entered against Sarah T. Hall, and Lewis G. Hall, by proper plea, denied his joint liability with his wife, and a trial by jury was had upon that issue, resulting in a verdict and judgment against him for $105.84.

It appears from the evidence that for a number of years prior to the 12th of January, 1894, Mrs. Hall had carried on a retail millinery business at 307 South Adams street, Peoria, under the name of Mrs. L. G. Hall. About that date she failed and the business was resumed in a few weeks in the name of Lewis G. Hall.

The goods, for the price of which this suit is brought, were ordered of a traveling salesman on the 14th of February and the 12th of April, 1893. They were shipped to " L. G. Hall," received at the store by his wife and disposed of as other goods were in the business. Hall denied that he received them or authorized any one to receive them in his name.

The only evidence tending to show that Hall was jointly liable with his wife was that of the traveling salesman, who testified that he was present when his wife made the selection of the goods, and that one had as much to do with the ordering as the other. He admitted, however, that at the time he knew the business was being conducted by Mrs. Hall and in her name. The greatest force that can be given to his testimony is that he regarded the business as a family affair, from the fact that Hall appeared to take an active interest in it and aided in the selection of the goods.

Against such evidence was the testimony of Hall, and an employe in the store for several years, that he was not interested in the business until the last day of March, 1894, when he started it after his wife's failure; that prior to that date the business was exclusively his wife's, and conducted as such.

It is evident the appellees regarded the purchase as made by Mrs. Hall, because all statements rendered, and letters addressed, were addressed to her. They were in no wise misled as to the ownership of the business. Upon the facts they have no right of action against Hall.

In the view we take of the case, therefore, it is not necessary to consider in this opinion alleged errors upon instructions.

We find that there is no cause of action, and reverse the judgment as to Lewis G. Hall, but do not remand the cause.